The Chief Justice
delivered tbe opinion of the court.
The trustees of tbe town of Louisville having, by their by-law, laid a tax of $100 on each billiard table in said town, Gwathmev and Gretsinger, who bad a billiard table in tbe town, filed their bill in chancery, with injunction to restrain tbe trustees from the collection of the tax, on the ground that they had, in laying such a tax, transcended their authority. To this bill tbe trustees demurred, but their demurrer was overruled; andón a final hearing, the circuit court decreed a perpetual injunction; from which decree l‘le irnstees have appealed to this court,
There is obviously no ground for the interposition of a of equity in this Case. If the trustees had authority *° ⅛ lax, they.might, no doubt, rightfully collect it; anc* ^ they had no such-authority, and should attempt to. coerce the payment of the tax by distress', they would be guilty of a wrong, for which a court of law would afford an adequate remedy. It is true that a court of equity will some times interpose to prevent a wrong, but it is done in general only where the wrong is in its nature irreparable in m0i^es redress afforded by courts of common law, and that cannot be said to be the case in relation to the which is the
The decree of the circuit court, therefore, sustaining the bill, is erroneous,,and must be reversed with cost, and the cause be remanded and the bill be dismissed yvitb costs,